**RECORD IMPOUNDED**

NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4417-16T6

STATE OF NEW JERSEY,

    Plaintiff-Appellant,

v.

IMANI WILLIAMS,

    Defendant-Respondent.

_____

<table>
<tr><td>

**APPROVED FOR PUBLICATION**

**September 29, 2017**

**APPELLATE DIVISION**

</td></tr>
</table>

        Argued September 14, 2017 – Decided September 29, 2017

        Before Judges Alvarez, Currier, and Geiger.

        On appeal from the Superior Court of New Jersey, Law Division, Burlington County, Warrant No. W-2017-000508-317.

        Jennifer B. Paszkiewicz, Assistant Prosecutor, argued the cause for appellant (Scott A. Coffina, Burlington County Prosecutor, attorney; Ms. Paszkiewicz, of counsel and on the brief).

        Philip G. Pagano, Assistant Deputy Public Defender, argued the cause for respondent (Joseph E. Krakora, Public Defender, attorney; Jared Dorfman, Assistant Deputy Public Defender, on the brief).

The opinion of the court was delivered by

CURRIER, J.A.D.

    In this appeal, we address whether, in a pretrial detention hearing, defendant's pregnancy should be given greater

consideration than any other pretrial detention factor in a judge's assessment under the Criminal Justice Reform Act (Act), N.J.S.A. 2A:162-15 to -26. Because we conclude that the trial judge abused his discretion in giving defendant's pregnancy greater weight than all other pertinent factors in his determination to release her, we reverse. Pregnancy, like any other medical condition, is only considered for its impact on the risk of a defendant posing a danger to the community, obstructing justice or failing to appear in court. N.J.S.A. 2A:162-20.

In June 2017, defendant was charged with second-degree robbery, N.J.S.A. 2C:15-1(a)(1); second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1); and disorderly persons theft by unlawful taking, N.J.S.A. 2C:20-3(a). The victim of the crimes told police that defendant and another person had "jumped" her from behind and thrown her to the ground. She was punched and kicked in the head, face, and body while on the ground, resulting in several shattered teeth as well as swelling and bruising to her eyes and face. Money was stolen from her purse.

On the Public Safety Assessment (PSA), N.J.S.A. 2A:162-25, the Pretrial Services Program rated defendant a six for new criminal activity and a five for failure to appear. It also flagged defendant for an elevated risk of violence. The

recommendation was that defendant remain in custody pending trial.

The State filed a notice for pretrial detention, N.J.S.A. 2A:162-19(a), and a hearing was conducted on June 13, 2017. In support of its request that defendant be detained pending trial, the State noted defendant's extensive juvenile history, including several violations of probation, two pending disorderly persons charges, and a 2016 disorderly persons conviction for assault by auto resulting in a sixty-day period of incarceration. Defendant failed to appear for court six times within the previous two years.

Defense counsel informed the court that defendant had a full-time job and had recently learned that she was eight weeks pregnant. He requested she be released under condition of in-person reporting. Counsel argued that defendant's "employment as well as her pregnancy would assure both her appearance in court as well as the safety of the community."

After the judge found the State had established probable cause, he turned to the request for detention pending trial. The judge explained that he had reviewed the PSA and its recommendation, and acknowledged the serious second-degree charges and defendant's multiple prior failures to appear. The judge further stated that he was familiar with defendant's

extensive juvenile history,[1] having served as the county's juvenile judge during the pertinent timeframe. Nevertheless, the judge determined that the State's proofs fell "just slightly below clear and convincing evidence" because the PSA did not take into account that defendant was eight weeks pregnant or that her pregnancy "present[ed] issues with regard to care in a correctional facility." The judge concluded that defendant's pregnancy required the denial of the State's motion for pretrial detention.

The judge explained that he would

> impose some very strict pretrial release provisions in light of the fact that the State was just a tad short of clear and convincing evidence and [that his decision] was impacted by [defendant's] pregnancy . . . and the issues that would pose to the correctional facility and correctional staff in terms of . . . prenatal care.

He warned defendant that pregnancy was "a card that [she could] play once" and if she committed a new offense or violated a condition of her release, whether she was "eight weeks pregnant, six months pregnant, eight months pregnant, it [would] not make any difference whatsoever and the [c]ourt [would] evaluate the facts independent[ly] at that time."

---

[1] Defendant was twenty years old at the time of the detention hearing.

As conditions of release, the judge required defendant to report in-person weekly to pretrial services. The judge also imposed a curfew from 5:00 p.m. to 6:00 a.m. daily, permitting defendant to leave her residence only to go to work and prenatal appointments.[2]

The court granted the State's request for a stay of defendant's release pending appeal. In discussing the application for a stay, the judge commented:

> in light of the [PSA] and the history of [defendant] who is only 20 but who had an extensive juvenile history, that . . . the State was very close to establishing by clear and convincing evidence . . . that [defendant] should be detained, but . . . the court believes that . . . [defendant's pregnancy] justified her release on conditions . . . .

The judge further remarked:

> but for the pregnancy, . . . the [c]ourt would have detained [defendant]. Her scores were . . . extremely high on the [PSA]. She has a significant history for a person who is 20 years old. . . . [A]ll of the necessary indicia were there which the [c]ourt felt were . . . mitigated by . . . the fact that [defendant] is . . . eight weeks pregnant.

---

[2] Neither defendant nor her counsel made any representation that she had seen a doctor for her pregnancy or was receiving prenatal care.

We granted the State leave to appeal the trial court's order on an emergent basis to review the question: whether defendant's pregnancy is a medical condition sufficient to override all other applicable factors, thus requiring pretrial release. The State argues that the trial court abused its discretion in denying pretrial detention by according undue weight to defendant's pregnancy, and speculating that defendant's medical needs could not be met while in jail. We agree.

The Act took effect on January 1, 2017. It is premised on

> "pretrial release by non-monetary means to reasonably assure" that a defendant will "appear[] in court when required," will not endanger "the safety of any other person or the community," and "will not obstruct or attempt to obstruct the criminal justice process." If a court finds by clear and convincing evidence that "no condition or combination of conditions" would achieve those goals, the court, upon motion by the prosecutor, may order that a defendant be held pending trial.
>
> [State v. Robinson, 229 N.J. 44, 55 (2017) (quoting N.J.S.A. 2A:162-15)].

Under Section 18 of the Act, the trial court is authorized to order pretrial detention if it finds by clear and convincing evidence that no conditions of release would reasonably assure a defendant's appearance in court, the safety of the community, and the integrity of the criminal justice process. N.J.S.A.

2A:162-18(a).   At the hearing itself, "the court may take into account" the following:

a. The nature and circumstances of the offense charged;

b. The weight of the evidence against the eligible defendant, except that the court may consider the admissibility of any evidence sought to be excluded;

c. The history and characteristics of the eligible defendant, including:

(1) the eligible defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(2) whether, at the time of the current offense or arrest, the eligible defendant was on probation, parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under federal law, or the law of this or any other state;

d. The nature and seriousness of the danger to any other person or the community that would be posed by the eligible defendant's release, if applicable;

e. The nature and seriousness of the risk of obstructing or attempting to obstruct the criminal justice process that would be posed

7

by the eligible defendant's release, if applicable; and

f. The release recommendation of the pretrial services program obtained using a risk assessment instrument under [N.J.S.A. 2A:162-25].

[N.J.S.A. 2A:162-20].

Although the trial judge here properly considered several of the listed applicable factors, he elevated defendant's medical condition of pregnancy above all of the other pertinent factors, based on his unfounded speculation that her pregnancy might cause "issues" to the correctional facility.[3] The judge determined that defendant's pregnancy compelled her release. We disagree. In determining whether pretrial detention is appropriate, the trial court should consider all of the applicable factors noted in the statute, giving appropriate weight to each.

We do not suggest that there will never be circumstances under which a defendant's pregnancy could be a determining factor in a judicial decision regarding pretrial detention. A trial court could conclude that pregnancy, like any other medical condition, may require a defendant's release as the

---

[3] We note that N.J.A.C. 10A:31-13.10 requires county correctional facilities to promptly provide pregnant inmates with medical services, including prenatal evaluation and care, obstetrical services, and postpartum and follow-up medical care.

condition itself might affect the risk of the defendant posing a danger to the community, obstructing justice or failing to appear in court. See N.J.S.A. 2A:162-20. Here, however, there is no indication that defendant's pregnancy was classified as high risk or presented any unusual medical complications requiring specialized treatment. Nor is there any indication that the jail was unable to provide appropriate prenatal medical care to defendant. The reasons given by the trial judge for defendant's pregnancy warranting her release were speculative, unsupported by any facts in the record, and, therefore, irrelevant to a pretrial detention determination.

In its orders denying the State's motion for pretrial detention, the trial court did not explain in writing its reasons for deviating from the recommendation in the PSA. In State v. C.W., 449 N.J. Super. 231, 263 (App. Div. 2017), we stated that N.J.S.A. 2A:162-23(a)(2) requires a court to "explain in writing specifically why it deviated from the [PSA] recommendation advising against [a] defendant's release." While ordinarily we would remand the matter to the trial court for compliance with the statute, we sufficiently understand the reasons for the denial of detention. The trial judge was thorough and candid in stating his reasoning for ordering defendant's release contrary to the PSA recommendation, and,

thus, a remand would be an unnecessary use of stretched resources.

In giving undue weight to defendant's pregnancy over all other applicable factors, and failing to consider what import the pregnancy might have on her risk of posing a danger to the community, obstructing justice or failing to appear in court, the judge abused his discretion. See C.W., supra, 449 N.J. Super. at 255. Therefore, we reverse the trial court's decision and remand for entry of an order of pretrial detention.

Reversed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION