**RECORD IMPOUNDED**

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0302-19T6

STATE OF NEW JERSEY,

    Plaintiff-Appellant,

v.

J.R.A.,

    Defendant-Respondent.

_____

Submitted December 10, 2019 – Decided January 17, 2020

Before Judges Yannotti and Firko.

On appeal from an interlocutory order of the Superior Court of New Jersey, Law Division, Salem County, Warrant No. 2019-0454-1712.

John T. Lenahan, Salem County Prosecutor, attorney for appellant (David M. Galemba, Assistant Prosecutor, of counsel and on the brief).

Joseph E. Krakora, Public Defender, attorney for respondent (Emma R. Moore, Assistant Deputy Public Defender, of counsel and on the brief).

PER CURIAM

The State appeals, on leave granted, from an order entered by the Law Division, which denied its motion for defendant's pretrial detention pursuant to the Criminal Justice Reform Act (CJRA), N.J.S.A. 2A:162-15 to -26, and ordered defendant's release subject to certain non-monetary conditions. We reverse.

I.

Defendant was arrested on August 7, 2019, and charged under Complaint-Warrant W-2019-0454-1712, with three counts of first-degree aggravated sexual assault, specifically sexual penetration of a victim less than thirteen years old, on various dates in 2014 and 2016, N.J.S.A. 2C:14-2(a)(1); and third-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a)(1). The State thereafter filed a motion for defendant's pretrial detention pursuant to the CJRA.

In support of its motion, the State presented the trial court with an affidavit of probable cause, which was provided by an officer of the Salem City Police Department, who investigated the matter. The officer stated that M.C. was the alleged victim of the offenses.[1] M.C. told the officer that when she was between the ages of six and eleven, defendant sexually assaulted her while she was staying at the residence of defendant's mother.

---

[1] We use initials to identify the minor and others involved. See R. 1:38-3(c)(9).

According to M.C., the sexual assaults included oral, vaginal, and anal penetration. M.C. stated that on one occasion, defendant's father, F.W., walked in as defendant was forcing her to perform oral sex. M.C. reported that F.W. started yelling and she ran out of the house. F.W. provided the investigating officer with a recorded statement and confirmed M.C.'s account of the incident. He stated that he told his wife and M.C.'s mother to report the matter to the police.

Thereafter, a detective in the Salem County Prosecutor's Office interviewed M.C. and F.W., and they provided recorded statements. The detective reviewed his findings with an Assistant Prosecutor and the First Assistant Prosecutor, who authorized the filing of charges against defendant.

The Public Safety Assessment (PSA) scored defendant as "2" on a scale of "1" (low) to "6" (high) for both risk of failure to appear and risk of new criminal activity. The PSA noted that defendant was twenty-three years old.

The PSA stated that defendant previously had been convicted of two disorderly persons offenses, specifically, obstructing the administration of the law in 2017, and possession of marijuana in 2019. Defendant did not have any prior indictable convictions or prior failures to appear. Defendant also had no pending charges. The PSA recommended against defendant's release pretrial,

3                                                                    A-0302-19T6

noting that defendant had been charged with offenses that could result in a sentence of life imprisonment.

On August 16, 2019, the trial court conducted a hearing on the State's motion. Defendant conceded there was probable cause he committed the charged offenses. The court recognized that under the CJRA, there was a rebuttable presumption of pretrial detention because if convicted, defendant could be sentenced to life imprisonment.

The court found, however, that defendant had rebutted the presumption and the State had not established the grounds for defendant's pretrial detention. The court ordered that defendant be released subject to Level 3 monitoring, and precluded defendant from having contact with the alleged victim.[2] The court memorialized its decision in an order dated August 16, 2019.

The trial court thereafter granted the State's motion for a stay of the order, but defendant had already been released. The court then denied the State's motion for issuance of an arrest warrant and vacated the stay order.

The State promptly filed motions in this court for leave to appeal and a stay pending appeal. We granted leave to appeal and stayed the trial court's

---

[2] "Level 3 monitoring includes both in-person and phone contact with pretrial services on alternating weeks." State v. Mercedes, 233 N.J. 152, 162 (2018) (citation omitted).

A-0302-19T6

order.  We also directed the trial court to issue a warrant for defendant's arrest and ordered that defendant would remain detained pending disposition of the appeal.

II.

On appeal, the State argues the trial court mistakenly exercised its discretion by denying the motion for defendant's pretrial detention.  We review a trial court's order on a motion for pretrial detention under an abuse of discretion standard.  State v. S.N., 231 N.J. 497, 515-16 (2018) (citing State v. C.W., 449 N.J. Super. 231, 255 (App. Div. 2017)).

The CJRA permits the State to file a motion for the pretrial detention of a defendant who is charged with certain offenses.  N.J.S.A. 2A:162-19(a).  When the State seeks the pretrial detention of a defendant who has not been indicted, the trial court first must determine whether there is probable cause the defendant committed the charged offense.

The CJRA provides that if the court finds probable cause the defendant committed murder in violation of N.J.S.A. 2C:11-3, or any crime for which the defendant would be eligible for an ordinary or extended term of life imprisonment,

> there shall be a rebuttable presumption that the eligible
> defendant shall be detained pending trial because no

A-0302-19T6

amount of monetary bail, non-monetary condition or combination of monetary bail and conditions would reasonably assure the eligible defendant's appearance in court when required, the protection of the safety of any other person or the community, and that the eligible defendant will not obstruct or attempt to obstruct the criminal justice process . . .

[N.J.S.A. 2A:162-19(b).]

The presumption of pretrial detention may be rebutted by a preponderance of the proof "provided by the eligible defendant, the prosecutor, or from other materials submitted to the court." N.J.S.A. 2A:162-19(e)(2). Furthermore, "if the presumption is rebutted by sufficient proof, the prosecutor shall have the opportunity to establish that the grounds for pretrial detention exist . . ." Ibid.

To establish the grounds for a defendant's pretrial detention, the State must show by clear and convincing evidence

> that no amount of monetary bail, non-monetary conditions or combination of monetary bail and conditions will reasonably assure the eligible defendant's appearance in court when required, the protection of the safety or any other person or the community, and that the eligible defendant will not obstruct or attempt to obstruct the criminal justice process . . .
>
> [N.J.S.A. 2A:162-19(e)(3).]

Furthermore, N.J.S.A. 2A:162-20 provides that the court should consider certain factors in making the detention determination. Mercedes, 233 N.J. at

A-0302-19T6

163. These factors include the nature and circumstances of the charged offense, the weight of the evidence, the defendant's history and characteristics, the nature and seriousness of the danger to any other person or the community, the nature and seriousness of the risk of obstructing the administration of the law, and any release recommendation. N.J.S.A. 2A:162-20(a) to (f).

### III.

Here, the trial court found probable cause defendant committed the charged offenses and recognized there was a presumption of detention under N.J.S.A. 2A:162-19(b) because defendant faces a potential life sentence. The court determined, however, that defendant had rebutted the presumption. The court noted that the offenses allegedly occurred in 2015 and 2016, but they were not reported until 2019.

The court observed that M.C., the alleged victim, did not reside in the home where defendant would be living, that defendant was employed, and that defendant had no prior convictions as an adult or failures to appear. The court pointed out that defendant had deferred dispositions as a juvenile on two occasions, but those charges were later dismissed.

The court further found that the State had not established by clear and convincing evidence that defendant should be detained pretrial. The court stated

A-0302-19T6

that Level 3 monitoring, with an order barring defendant from having contact with the alleged victim, would be sufficient to "satisfy the concerns of our law" and ensure defendant appears in court when required to do so.

We are convinced, however, that the court's order denying pretrial detention and releasing defendant subject to non-monetary conditions was a mistaken exercise of discretion. Here, the court failed to give sufficient weight to the fact that defendant has been charged with offenses for which he could be sentenced to life imprisonment, with a potential minimum term of twenty-five years. See N.J.S.A. 2C:14-2(a)(1). The court did not recognize that in light of the potential for such a lengthy sentence, defendant posed a flight risk.

The court also failed to give sufficient weight to the seriousness of the charges. As noted previously, defendant has been charged with three counts of aggravated sexual assault, based on the alleged oral, vaginal, and anal penetration of a child under the age of thirteen. He also was charged with endangering the welfare of a child. These are clearly charges of a serious nature. See Mercedes, 233 N.J. at 172 (noting that judges considering a detention motion may rely heavily on the seriousness of the pending charge).

In addition, the court did not give sufficient weight to the strength of the evidence in support of the charges. The court stated the case presents a "he said,

she said" situation, but defendant's father provided a statement in which he asserted that he witnessed defendant attempt to force M.C. to perform oral sex. There also is evidence that M.C. disclosed the alleged aggravated sexual assaults to her aunt, who was apparently someone she trusted. These disclosures provide corroboration for M.C.'s allegations.

Furthermore, the court erroneously gave significant weight to defendant's support system and relied on the fact that defendant would be living with his parents while on pretrial release. Defendant was living with his parents when he allegedly committed the aggravated sexual assaults, and this living arrangement did not deter defendant from engaging in the alleged criminal conduct.

Moreover, M.C. has a relationship with defendant's parents, who are her godparents. The court barred defendant from having any contact with the victim, but such an order may not be sufficient to protect M.C. from further abuse or protect others in the community. Therefore, the record does not support the trial court's finding that defendant's support system and living arrangements would satisfy the goals of the CJRA.

The court also erred by failing to give sufficient weight to defendant's prior involvement with the criminal justice system. Defendant is only twenty-

9

three years old. As a juvenile, defendant had deferred dispositions in two matters, which were later dismissed. He has two recent disorderly persons convictions, one for obstructing the administration of the law, the other for possession of marijuana. In addition to these criminal matters, defendant also had been served with three domestic violence temporary restraining orders, although the orders have been dismissed.

The court also failed to recognize the risk that defendant could obstruct the criminal justice process if released pretrial. As the State points out, defendant would be living with his father, who is likely to be a witness for the State. There is a risk that defendant may attempt to convince his father to recant his statement and refuse to cooperate in the prosecution. The conditions imposed by the trial court would do little to lessen this risk.

Thus, the trial court erred by finding that defendant rebutted the presumption of detention under N.J.S.A. 2A:162-19(b). Furthermore, the State established by clear and convincing evidence that no monetary bail, non-monetary conditions, or combination thereof, "will reasonably assure the eligible defendant's appearance in court when required, the protection of the safety or any other person or the community, and that the eligible defendant will not obstruct or attempt to obstruct the criminal justice process." Ibid.

A-0302-19T6

We therefore conclude that the trial court mistakenly exercised its discretion by denying the State's motion for defendant's pretrial detention. The court failed to take into consideration all relevant factors, and its decision represents a clear error of judgment. S.N., 231 N.J. at 515-16 (citing C.W., 449 N.J. Super. at 255).

IV.

On appeal, defendant argues that this court erred by staying the trial court's order and directing that he be detained pending disposition of this appeal. Defendant contends that under the CJRA, if the State's detention motion is denied, the defendant must be released within forty-eight hours. N.J.S.A. 2A:162-16(b). Defendant asserts that a stay of the denial of the State's motion should not result in his detention because that would constitute an affirmative grant of the State's motion, which defendant claims is not permitted by the CJRA.

Rule 3:4A(e) states that "The State may move for leave to appeal from an interlocutory order granting an eligible defendant pretrial release." Moreover, the court rules provide that this court may stay a trial court's order when a motion is made for leave to appeal an interlocutory order. R. 2:5-6(a).

A-0302-19T6

Here, the trial court did not merely deny the State's motion for defendant's pretrial detention. The court also ordered defendant's release subject to conditions. This court clearly has the authority to stay such an order pending its review of the State's interlocutory appeal.

We note that the Supreme Court directed the Criminal Practice Committee to recommend court rules to implement the CJRA. Mercedes, 233 N.J. at 165. The Committee later considered an amendment to Rule 3:4A(e) that would have provided for an automatic one-day stay of a defendant's release pending appeal by the State of the denial of its motion for pretrial detention, but did not recommend such an amendment, concluding there was no need to change "the present stay procedures." Supreme Court Criminal Practice Rules Comm. Rep., 2017-2019 Term, p. 15 (submitted and published for comment January 30, 2019).[3] The Committee correctly recognized that the stay procedures under our court rules would apply to any appeal by the State from the denial of a pretrial detention motion.

We also note that the courts have granted stays of release in other cases where the State has appealed the denial of a motion for pretrial detention. See

---

[3] See njcourts.gov/courts/assets/ supreme/reports/2019/cpcreport.pdf.

Mercedes, 233 N.J. at 162; S.N., 231 N.J. at 505; State v. Williams, 452 N.J. Super. 16, 20 (App. Div. 2017).  Indeed, in Mercedes, the Court continued the stay of release pending the trial court's reconsideration of the State's detention motion.  Mercedes, 233 N.J. at 179.  We therefore reject defendant's contention that this court did not have the authority to stay his release pending disposition of this appeal.

Reversed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0302-19T6